IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


ROY ANDERSON                                                                      PLAINTIFF

vs.                                          Civil No. 1:04-cv-01077

MICHAEL J. ASTRUE                                                        DEFENDANT
Commissioner, Social Security Administration


REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before this Court is Plaintiff's Motion for Approval of Application for Attorney

Fees Under the Equal Access to Justice Act ("EAJA").  (Doc. No. 16).[1]  Defendant has responded

to this motion and has no objections.  (Doc. No. 19).  Pursuant to the provisions of 28 U.S.C. §

636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this motion to the Honorable Barry

A. Bryant for the purpose of making a report and recommendation.  This Court, having reviewed this

application and response, recommends that this application for attorney's fees be **GRANTED**.

1. **Background:**

Roy Anderson ("Plaintiff") appealed to this Court from the Secretary of the Social Security

Administration's ("SSA") denial of his request for Disability Insurance Benefits ("DIB") and

Supplemental Security Income ("SSI").  (Doc. No. 1).  On July 28, 2009, the Honorable Harry F.

Barnes reversed and remanded Plaintiff's case to the ALJ pursuant to sentence four of 42 U.S.C. §

405(g). (Doc. No. 15).  On September 24, 2009, Plaintiff requested fees under the EAJA.  (Doc. No.

16).  Plaintiff has requested an award of $2,066.25, representing 14.25 hours of attorney work at an

hourly rate of $145.00 per hour.  *See id.*  On October 1, 2009, Defendant responded to this

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

application and did not object to Plaintiff's request for fees under the EAJA.  (Doc. No. 19).

## 2. **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to

shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. <u>Discussion:</u>**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 15). Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose Plaintiff's claim that he is entitled to fees under the EAJA. (Doc. No. 19). This Court construes this lack of opposition to this application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests an award under the EAJA of $2,066.25, representing 14.25 hours of attorney work at an hourly rate of $145.00 per hour. (Doc. No. 16). Such an enhanced hourly rate for attorney work is authorized by the EAJA as long as a CPI is submitted, and this CPI demonstrates a cost of living increase. *See Johnson,* 919 F.2d at 504. Plaintiff has submitted a CPI demonstrating a cost of living increase. (Doc. No. 18-1). Accordingly, the Court finds $145.00 per hour for attorney work is proper and awards Plaintiff this amount.

This Court notes Defendant has not objected to the number of hours for which counsel seeks

a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable.  Thus, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $2,066.25, representing 14.25 hours of attorney work at an hourly rate of $145.00 per hour.

## 4. Recommendation:

Based upon the foregoing, the Court recommends an award of $2,066.25 in attorney's fees and costs pursuant to the EAJA, 28 U.S.C. § 2412.

The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 2nd day of October, 2009.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE